**SEKENDIZ LAW GROUP P.C.**
**Attorneys at Law**
**45 Broadway Suite: 1420**
**New York, New York 10006**
**(212) 380-8087**

5/14/2020

Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Case Name:   Cox v. Bakers Pizza HK LLC et al
      Case Number: 1:19-cv-08590-VSB

Hon, US. District Court Judge Broderick,

Parties are submitting this joint letter as per May 6, 2020 dated Initial Conference Order.

1. A brief description of the nature of the action and the principal defenses thereto;

   Plaintiff:

   Plaintiff filed  a Complaint against Defendants for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") indicating that defendants' premises was not accessible at the time of Plaintiff's visit to the location.

   Defendants:

   Defendants deny each claim of wrongdoing alleged against them.  To the extent that any of the allegations are true, Defendants stand ready, willing and able to effectuate readily achievable reasonable modifications to its policies, practices and procedures to accommodate people with disabilities.

2. A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or

trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;

Plaintiff:

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201). Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York, County of New York.

Defendants: Jordan Baker is the sole owner of Baker's Pizza and is US Citizen.

3.  A brief description of all contemplated and/or outstanding motions;

    Plaintiff: None at this time.

    Defendants: None at this time.

4.  A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.

    Plaintiff: Plaintiff served her 26a disclosures.

    Defendants: None at this time.

5.  A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.

    Plaintiff: Plaintiff e-mailed a settlement proposal to defendants, which included a monetary demand as a well as a list of proposed readily achievable modifications.

6.  The estimated length of trial; and

    Plaintiff: 1 to 2 days

    Defendants: 1 to 2 days.

7.  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

    Plaintiff: None

Defendant: Due to the pandemic, Baker's Pizza is not currently open to the public for traditional service. In addition, at this time, there is no certainty as to when (or if) Baker's Pizza will ever open again.

Respectfully Submitted:                                          Respectfully Submitted,


___Lee Jacobs____                                          __s/Ismail S.Sekendiz___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

*Cox et. al*

                         Plaintiff(s),   :

                -v-

*Boke Pizza   et.al.*

                       Defendant(s).  :

---------------------------------------------------------- X

No. *19* -CV- *85 90* (VSB)

**CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

VERNON S. BRODERICK, United States District Judge:

        Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1.     All parties [consent _____ / do not consent x] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all consent, the remainder of the Order need not be completed at this time.*]

2.     The parties [have __x__ / have not _____] engaged in settlement discussions.

3.     This case [is _____ / is not __x__] to be tried to a jury.

4.     Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5.     Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6.     Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____4/28/2020_____. [*Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).*]

7.     All fact discovery is to be completed no later than _____10/14/2020_____. [*A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

8.     The parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

   a.   Initial requests for production of documents shall be served by
        _6/14/2020_____.

   b.   Interrogatories shall be served by _6/14/2020_____.

   c.   Depositions shall be completed by _9/07/2020_____.

       i.   Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

       ii.  There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

       iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   d.   Requests for admissions shall be served no later than 9/10/2020_____.

9.   All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by ___11/16/2020_____. [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

10.  All discovery shall be completed no later than _11/23/2020_____.

11.  The Court will conduct a post-discovery conference on _____ at _____. [*To be completed by the Court.*] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.  If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12.  Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13.    Counsel for the parties propose the following alternative dispute resolution mechanism
       for this case:

       a.    _____ Referral to a Magistrate Judge for settlement discussions.

       b.    _____ Referral to the Southern District's Mediation Program. [*Note that all
             employment discrimination cases, except cases brought under the Fair Labor
             Standards Act of 1938, 29 U.S.C. § 201* et seq., *are designated for automatic
             referral to the Court's Alternative Dispute Resolution program of mediation.
             Accordingly, counsel in such cases should select 13(b)*.]

       c.    _____ Retention of a private mediator.

       The use of any alternative dispute resolution mechanism does not stay or modify any date
       in this Order.

14.    The parties have conferred and their present best estimate of the length of trial is
       _____.


SO ORDERED.

Dated:    _____
          New York, New York


                                         _____
                                         Vernon S. Broderick
                                         United States District Judge

3